IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Brief September 15, 2020

**STATE OF TENNESSEE v. MATTHEW NORRIS**

**Appeal from the Criminal Court for Putnam County**
**No. 2017-CR-546, 616, 616A, and 667    Gary McKenzie, Judge**

_____

**No. M2020-00310-CCA-R3-CD**

_____

In this multiple indictment case, the Defendant, Matthew Norris, pleaded guilty to one count of burglary and two counts of theft over $2,500, in exchange for a total effective sentence of eight years. The parties agreed to allow the trial court to determine the manner of service of the sentence. After a hearing, the trial court ordered that the Defendant serve his sentence in confinement. On appeal, the Defendant contends that the trial court erred when it denied his request for judicial diversion and his request for an alternative sentence. After review, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and TIMOTHY L. EASTER, JJ., joined.

Craig P. Fickling, District Public Defender and Allison R. West, Assistant Public Defender, Cookeville, Tennessee, for the appellant, Matthew Norris.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Beth E. Willis, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case arises from allegations that the Defendant committed multiple thefts from various storage facilities in 2017. For these offenses, a Putnam County Grand Jury indicted the Defendant and a co-defendant, in three separate indictments, with one count of burglary and three counts of theft of property valued over $2,500.[1]

_____

[1] The grand jury returned indictments in six additional cases which were dismissed as part of the plea agreement; those indictments are not included in the record.

On April 9, 2018, the Defendant pleaded guilty to: one count of theft over $2,500 (case no. 2017-CR-546), for which he received a four-year sentence; burglary (case no. 17-CR-616), for which he received a four-year sentence; and one count of theft over $2,500 (case no. 2017-CR-667), for which he received a four-year sentence. The parties agreed that the four-year sentence for burglary would run consecutively to the sentences in the remaining convictions and that the trial court would determine the manner of service of the sentences.

## B. Sentencing

Although the relevant documents are not included in the record, it appears from the transcript of the sentencing hearing that the Defendant requested judicial diversion at the initial sentencing hearing and the trial court denied this request. Because, at the sentencing hearing, the trial court failed to properly enumerate its considerations when denying the request, this court remanded the case for a new sentencing hearing. *State v. Matthew Howard Norris*, No. M2018-01236-CCA-R3-CD, 2019 WL 2564395, at *1 (Tenn. Crim. App., at Nashville, June 21, 2019). At this second sentencing hearing, the Defendant requested judicial diversion and also that he be sentenced to an alternative sentence. The State argued that the Defendant was not eligible for judicial diversion and asked the trial court to sentence the Defendant to incarceration.

The parties then presented the following evidence at the sentencing hearing: Sergeant Ronnie Simmons testified that he had contact with the Defendant on March 12, 2018, when Sergeant Simmons stopped the Defendant's vehicle for the Defendant's failure to use a seatbelt. The Defendant could not provide proof of insurance. While the officer spoke with him, the Defendant was "moving around excessively" inside his vehicle, which aroused the officer's suspicions. The Defendant told Sergeant Simmons that he could search his vehicle; during the search, Sergeant Simmons found a digital scale inside a pair of gloves in the glove compartment. The Defendant stated that the scale was used to measure gold coins. Sergeant Simmons continued to search the vehicle and recovered from the inside of an air vent a baggie containing a "crystal-like" substance and a glass pipe. The substance later tested positive for methamphetamine.

On cross-examination, Sergeant Simmons stated that the indictment resulting from the methamphetamine discovery had been dismissed.

Dana Stickler, an employee on the Tennessee Department of Correction, testified that she prepared the presentence report in this case, which was admitted as an exhibit, and that she also performed a drug screen on the Defendant in April of 2018, prior to preparing the report. The test results returned a positive screening for marijuana and

oxycodone. Ms. Stickler stated that, in April of 2018, the presentence report indicated that the Defendant did not have a significant record of criminal convictions. She noted, however, that the report indicated that the Defendant had numerous offenses for which charges were dismissed, including thefts and burglaries. About his prior drug history, the Defendant reported to Ms. Stickler that he had used methamphetamine in 2017 and marijuana in 2018.

The trial court stated that, as agreed, the Defendant's sentence would be eight years. In consideration of the Defendant's request for judicial diversion, the trial court addressed the relevant common law factors, beginning with the Defendant's amenability to correction. *State v. King*, 432 S.W.3d 316, 323 (Tenn. 2014). The trial court stated that in light of the Defendant's arrest for possessing methamphetamine, as testified to by Sergeant Simmons, which occurred while the Defendant was released on bond in the present case, this factor did not weigh in the Defendant's favor. Addressing the circumstances of the offense, the trial court stated that this factor weighed against the Defendant because this case involved multiple offenses of stealing property from individuals.

The trial court addressed the Defendant's criminal record and stated that this factor weighed against the Defendant as well because of the multiple offenses on multiple dates involved in this plea. The trial court stated that the Defendant's social history weighed in his favor. The trial court considered the deterrence value, which it stated weighed against the Defendant because "the general public as a whole is tired of seeing repeat offenders." The trial court indicated that a sentence of probation would fail to deter other repeat offenders.

The trial court concluded by stating that judicial diversion in the case would not serve the interests of the accused as well as the public. Accordingly, the trial court denied the Defendant's request for judicial diversion.

As for the manner of service of his sentence, the trial court addressed the factors to be considered when ordering an alternative sentence versus a sentence in confinement. The trial court stated:

> "Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct." I think that applies. And I'll tell you why I think it applies. I think it applies because we have criminal conduct that is on 2/4/17, 12/31/16, 2/22 of [2017], as well as the criminal conduct, at first, in April of 2018, we have a possession. He's admitted to having marijuana in his system. That's possession of an illegal substance. It's still illegal in Tennessee to possess it and use it.

3

We also have that he is in possession of digital scales, which is the indication from Mr. Simmons, the trooper, he's in possession again on March the 12th of 2018, additional criminal conduct where he has methamphetamine. And this area has a methamphetamine problem. And it is of no -- listen, anybody that's in the court system, that is in this criminal court system, understands what we're up against with the methamphetamine problem. And so I think that he definitely has a long history of criminal conduct.

We get some understanding and idea that maybe criminal history has to go ten, twenty years before we say it's long. I think that most people in the general public, when you explain all of this to them, they'd say that's a long history, and I think he has it.

"Confinement is necessary to avoid depreciating the seriousness of the offense, or confinement is particularly suited to provide an effective deterrence to others likely to commit a similar offense." I agree with that. I think it applies here. And I think that, that to say that an individual could break into and steal on three different occasions, break into a non - habitation and then steal, "D" felony level offenses on different offense dates, and then [in 2018], he is out committing more criminal offenses, I think that to say to -- that the public sees that individual get probation, I think it's the wrong message that we're sending.

I understand, again, if they are all one offense date, then maybe there's a different argument here. I mean, that's what diversion is for, and I think alternative sentencing comes to that. But here we've got a history of criminal conduct, and I think it would depreciate the seriousness of these type offenses. And they are serious, and the public thinks they're serious.

"Confinement is suited to provide an effective deterrence." Absolutely, it would. We definitely have a problem. Thefts and property crimes are high. And we've got three different crimes over three different days. I find that applies.

"Measures less restrictive than confinement have frequently or recently been applied unsuccessfully."

When I look at that statute, and I look at the way that it reads, it says, "To implement the purpose of this chapter, the following principles shall

apply: Number (1) Sentences involving confinement should be based on the following considerations: (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant."

There is no definition in this code of measures less restrictive than confinement, and being released on bond while pending a sentencing hearing, being released on bond while pending a criminal litigation of a case, where you're out on bond and then you recommit an offense in which you get arrested, and then plead to all of those, those bonds, when an individual is released, it's a factor. It's a factor. We've even had [*Burgins*] hearings and revoked people's bonds whenever the preponderance of the evidence shows that they committed a new offense. So, certainly, release on bond is a measure less restrictive than confinement.

When I take the plain and ordinary meaning of that language, "measures less restrictive than confinement," it would apply, being released on bond; and we've got multiple criminal history, or criminal behavior and conduct, and so that was applied unsuccessfully to the defendant, which is why we can consider behavior whenever we're looking at things like diversion.

The trial court denied the Defendant's request for alternative sentencing. It is from these judgments that the Defendant now appeals.

## II.  Analysis

On appeal, the Defendant contends that the trial court erred when it denied the Defendant's request for judicial diversion and when it denied his request for an alternative sentence.

### A.  Judicial Diversion

The Defendant contends that the trial court erred when it denied his application for judicial diversion. He asserts that the charge related to Sergeant Simmons's testimony regarding his April 2018 possession of methamphetamine was dismissed and thus not indicative of the Defendant's inability to correct his behavior. He contends that his minor criminal history is evidence of his amenability to correction. He argues that the trial court failed to weigh the factors correctly when considering judicial diversion. The State counters that the trial court properly reviewed the relevant factors and did not abuse its discretion when it denied the Defendant's request. We agree with the State.

When a defendant is eligible for judicial diversion, a judge has the discretion to defer proceedings without entering a judgment of guilty. T.C.A. § 40-35-313(a)(1)(A) (2019). The statute states that a trial court may grant judicial diversion in appropriate cases. *Id.* Following a grant of judicial diversion, the defendant is on probation but is not considered a convicted felon. *Id.* To be eligible for judicial diversion, a defendant must be a "qualified defendant" as defined by the Tennessee Code section governing judicial diversion:

> (B)(i) As used in this subsection (a), "qualified defendant" means a defendant who
>
> > (a) Is found guilty of or pleads guilty or nolo contendere to the offense for which deferral of further proceedings is sought;
> >
> > . . .
> >
> > (c) Has not previously been convicted of a felony or a Class A misdemeanor.

T.C.A. § 40-35-313(a)(1)(B)(i) (2019). Eligibility does not automatically entitle the defendant to judicial diversion. *State v. Bonestel*, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000).

Once a defendant is deemed eligible for judicial diversion, the trial court must consider several factors when deciding whether to grant judicial diversion. Due to the similarities between pre-trial diversion, which is administered by the district attorney general, and judicial diversion, courts draw heavily from pre-trial diversion law and examine the same factors:

> [A court] should consider the defendant's criminal record, social history, mental and physical condition, attitude, behavior since arrest, emotional stability, current drug usage, past employment, home environment, marital stability, family responsibility, general reputation and amenability to correction, as well as the circumstances of the offense, the deterrent effect of punishment upon other criminal activity, and the likelihood that [judicial] diversion will serve the ends of justice and best interests of both the public and the defendant.

*State v. Cutshaw*, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997).

When the trial court "specifically identifies the relevant factors and places on the record its reasons for granting or denying judicial diversion," this court will "apply a presumption of reasonableness and uphold the grant or denial so long as there is any substantial evidence to support the trial court's decision." *State v. King*, 432 S.W.3d 316, 327 (Tenn. 2014). Our Supreme Court has stated:

> Although the trial court is not required to recite all of the *Parker* [932 S.W.2d 945 (Tenn. Crim. App. 1996)] and *Electroplating* [990 S.W.2d 211 (Tenn. Crim. App. 1998)] factors when justifying its decision on the record in order to obtain the presumption of reasonableness, the record should reflect that the trial court considered the *Parker* and *Electroplating* factors in rendering its decision and that it identified the specific factors applicable to the case before it. Thereafter, the trial court may proceed to solely address the relevant factors.

*Id.* Failure to consider the common law factors results in loss of the presumption of reasonableness, and this court is required to conduct a *de novo* review or remand to the trial court for reconsideration. *Id.*

The record in this case demonstrates that the trial court considered the *Parker* and *Electroplating* factors and identified those specifically applicable to this case. The trial court considered the Defendant's amenability to correction in light of the fact that, while the Defendant was released on bond for his theft and burglary offenses, he was arrested for possession of methamphetamine. The trial court noted several factors, particularly the Defendant's lack of criminal history, which weighed in the Defendant's favor. In considering all the factors, the trial court concluded that the Defendant's crimes, the value of deterrence, and his risk to reoffend if released back into the community outweighed the factors favoring the grant of judicial diversion.

Our review of the record reveals that there is substantial evidence to support the trial court's decision. Over the course of multiple months, the Defendant burglarized three different people, stealing their property. Thereafter, the Defendant was released into the community while awaiting adjudication of the charges in this case, during which time he was arrested for possession of methamphetamine. Based upon this evidence, we conclude that the trial court did not abuse its discretion when it denied the Defendant judicial diversion. The Defendant is not entitled to relief.

### B. Alternative Sentencing

The Defendant contends that the trial court erred when it denied his request for an alternative sentence because the factors considered by the trial court weigh in favor of

7

granting the Defendant's request.  He contends that his minor criminal record makes it clear that confinement is not necessary to protect society.  The State responds that the Defendant has not shown that the trial court abused its discretion when it ordered him to serve his sentence in confinement.  We agree with the State.

As previously stated, "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence."  *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012).  We also reiterate that the defendant bears "the burden of showing that the sentence is improper."  *Ashby*, 823 S.W.2d at 169.  A trial court's decision regarding probation will only be invalidated if the court "wholly departed from the relevant statutory considerations in reaching its determination."  *State v. Sihapanya*, 516 S.W.3d 473, 476 (Tenn. 2014).  Under an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court.  *Id*. at 475.

With regard to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration.

A defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less.  T.C.A. § 40-35-303(a) (2019).  A defendant is not, however, automatically entitled to probation as a matter of law.  The burden is upon the defendant to show that he or she is a suitable candidate for probation.  T.C.A. § 40-35-303(b) (2019); *State v. Goode*, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996).  In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'"  *State v. Bingham*, 910 S.W.2d 448, 456 (Tenn. Crim. App.1995) (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation.  *Bingham*, 910 S.W.2d at 456.  Every sentencing decision necessarily requires a case-by-case analysis considering "the nature of the offense and the totality of the circumstances . . . including a defendant's background."  *State v. Ashby*, 823 S.W.2d 166,

168 (Tenn. 1991) (quoting *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)). In determining if incarceration is appropriate in a given case, a trial court should consider whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1) (2019). "When considering probation, the trial court should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, the defendant's present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public." *State v. Brian Allen Cathey*, No. E2015-01284-CCA-R3-CD, 2016 WL 2641766, at *3 (Tenn. Crim. App., at Knoxville, May 6, 2016) (citations omitted), *no perm. app. filed*. The court should also consider the defendant's truthfulness. *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. T.C.A. § 40-35-103 (2019).

The trial court considered the statutory factors enumerated in section 40-35-103 and stated that the Defendant's actions and the circumstances of the three offenses did not lend themselves to an alternative sentence. The trial court stated that the Defendant had been given the opportunity to show that his release into the community would be in the best interest of the public and that he had failed to demonstrate that he was a suitable candidate for release. The trial court noted that the Defendant did not have a decades-long history of criminal convictions but that his commission of three offenses in three months warranted this factor to weigh against granting an alternative sentence. The trial court stated that the deterrence value of ordering the Defendant to serve his sentence was an important factor that weighed against the Defendant.

The evidence presented at the sentencing hearing established that the Defendant committed a drug offense while released on bond and tested positive for marijuana and prescription pills during a drug screening at his presentence report meeting, also while on bond. We conclude that this conduct of committing offenses while on bond shows a poor

9

amenability to rehabilitations. *State v. Miranda Sexton,* No. E2006-01471-CCA-R3-CD, 2007 WL 596415, at *5 (Tenn. Crim. App., at Knoxville, Feb. 27, 2007) (citing *State v. Rickey Hailey*, No. 02C01-9705-CR-00198, 1998 WL 240506, at *3 (Tenn. Crim. App., at Jackson, May 14, 1998) (affirming incarcerative sentence because defendant committed other offenses while released on bond, satisfying the factor that measures less restrictive than confinement have unsuccessfully been applied to the defendant); and *State v. Larry Lenord Frazier*, No. M2003-00808-CCA-R3-CD, 2004 WL 49112, at *7 (Tenn. Crim. App., at Nashville, Jan. 8, 2004) (stating the fact that the defendant reoffended while on bond was "an appropriate consideration" under section 40-35-103(1)(C) and (5)).   Thus, based on this conclusion and the entire record before this court, we conclude that the Defendant has not established that the trial court abused its discretion by denying him an alternative sentence.  The Defendant is not entitled to relief.

### III.  Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the trial court's judgments.

_____
ROBERT W. WEDEMEYER, JUDGE

10